UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY ALLEN COOKS,                    )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )        No. 4:08-CV-136 CAS
                                     )
UNKNOWN AHMED, et al.,               )
                                     )
                Defendants.          )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff Gary Allan Cooks for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on April 17, 2006. See 28 U.S.C. § 1915(a)(1) and (2). A review of plaintiff's account statement indicates an average monthly deposit of $30.17, and an average monthly account balance of $11.83. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts

alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, an inmate at the Farmington Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Unknown Ahmed (doctor), Unknown Jones (doctor), Unknown Snow (correctional officer), and Unknown Howell (correctional officer).  Plaintiff alleges that every month defendants threaten him "by saying that [he] will never get out of prison because they will set-up and frame [him] with a murder charge and felony conviction with other felony charges and convictions."

Having carefully reviewed the complaint, the Court concludes that plaintiff's allegations do not rise to the level of a constitutional violation, and therefore, this action is legally frivolous.  <u>See</u> <u>Burton v. Livingston</u>, 791 F.2d 97, 99-100 (8th Cir. 1986) (usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually are not actionable under § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.**  [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.03 within thirty (30) days from the date of this order.  Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding

      **IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

      An appropriate order shall accompany this order and memorandum.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>13th</u> day of March, 2008.